**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOSHUA MAINORD,

     Plaintiff,

v.                                                              CASE NO: 8:26-cv-02250

EIGHT ELEVEN GROUP, LLC,
d/b/a MEDASOURCE

     Defendant.

_____/

**COMPLAINT AND JURY DEMAND**

Plaintiff, JOSHUA MAINORD, (hereinafter "Mr. Mainord" or "Plaintiff") by

and through the undersigned counsel, sues Defendant, EIGHT ELEVEN GROUP,

LLC d/b/a MEDASOURCE (hereinafter "Medasource" or "Defendant") and alleges

in support:

**JURISDICTION AND VENUE**

1.    This is an action for monetary damages and equitable relief under the

Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et al* ("ADEA"),

the Americans with Disabilities Act, 42 U.S.C. § 12101, *et al* ("ADA"), Title VII of

the Civil Rights Act of 1964, as amended, ("Title VII"), and the Florida Civil Rights

Act of 1992, Chapter 760.10, Florida Statutes ("FCRA") for discrimination based

on age, disability, and sexual orientation, and retaliation for engagement in a protected activity.

2.     This Court has jurisdiction over Plaintiff's ADEA, ADA, and Title VII claims under to 28 U.S.C. §§ 1331 and 1343.

3.     This Court has jurisdiction over Plaintiff's FCRA claims under 28 U.S.C. § 1367.

4.     Venue is proper in the United States District Court, Middle District of Florida, pursuant to 28 USC § 1391(b)(2) as the events or transactions out of which this claim arose occurred in Hillsborough County, which is located within the Middle District of Florida.

## PARTIES

5.     At all times material, Plaintiff, JOSHUA MAINORD, resided in Hillsborough County, Florida, located in the Middle District of Florida.

6.     At all times material, Defendant, EIGHT ELEVEN GROUP, LLC d/b/a MEDASOURCE, is a Limited Liability Company which is principally located at 6215 N College Ave, Indianapolis, Indiana 46220.

7.     However, Defendant operates a branch located at 5100 West Kennedy Boulevard, Tampa, Florida 33609, at which Plaintiff worked.

8.     At all times material, Plaintiff was an employee of Defendant, EIGHT ELEVEN GROUP, LLC d/b/a MEDASOURCE.

2

9.     At all times material hereto, Defendant, EIGHT ELEVEN GROUP, LLC d/b/a MEDASOURCE, employed twenty (20) or more employees.

10.     Plaintiff has satisfied all conditions precedent to filing this claim.

### GENERAL ALLEGATIONS

11.     Joshua Mainord is a forty-one-year-old homosexual male who suffers from Bi-Polar Disorder and Attention Deficit Disorder ("ADD").

12.     On May 26, 2025, Medasource hired Mr. Mainord as an Account Executive. As part of his duties, Mr. Mainord was tasked to create a lead list utilizing sales navigator and LinkedIn, and to sell staffing services by cold calling decision makers at government entities and health care providers.

### ALLEGATIONS RELATED TO DISCRIMINATION BASED ON AGE AND SEXUAL ORIENTATION

13.     During the hiring process, Mr. Mainord disclosed his sexual orientation to Michael Finnegan (President) and Adarsh Modi (Vice President).

14.     Typically, Medasource provided six months of training to new Account Executives to learn how to identify decision makers, make contact, and sell potential customers on a presentation with a sales manager. However, Medasource only permitted Mr. Mainord two weeks of training while the other account executives, who were in their 20s and heterosexual were given six months of training.

15.     Medasource's leadership team expected new Account Executives to schedule one video call per week. Account Executives that scheduled two or more

3

calls with decision makers per week were considered top performers who had exceeded expectations.

16.    Following his abbreviated training period, Mr. Mainord was placed on the team of Matt Myers (Practice Director of Clinical Services – Age late 20s) and Dave McLean (Practice Director of the Government Practice – Age early 30s), under Paul Tsangaris (Regional Director – Age 33), who oversaw Medasource's Southeast Region.

17.    Shortly after being placed on Mr. Tsangaris's team, Mr. Mainord learned from Dylan Shepard (Senior Director of Enterprise & Strategic Accounts – Age 38) that Mr. Tsangaris did not want Mr. Mainord on his team because he was much older than the employees the company typically hired.

18.    Mr. Mainord also observed that Mr. Tsangaris's treatment of him worsened after he learned that Mr. Mainord was gay.

19.    Nevertheless, Mr. Mainord performed at or above the level expected of a new Account Executive. By early August 2025, Mr. Mainord had made over 1,621 total calls to potential clients—more than any other Account Executive at the company—while the next-highest performer had made only 901 contacts over the same period.

20.    On August 4, 2025, despite Mr. Mainord's high call level in his first three months of employment, Mr. Tsangaris placed him on a Performance Improvement Plan ("PIP").

21.    In the PIP Mr. Tsangaris required Mr. Mainord to schedule four video-conference calls per week with decision-makers, totaling sixteen calls over a four-week period. This same standard was not applied to his younger, heterosexual counterparts, who were only expected to schedule one call per week with decision-makers.

22.    Following the PIP, Mr. Tsangaris called Mr. Mainord on a weekly basis and harshly criticized him regarding his performance even though Mr. Mainord performed at a higher level than his younger, heterosexual counterparts.

23.    Mr. Mainord discussed the PIP's requirements with two other heterosexual male Account Executives in their early twenties, each with approximately one year of experience at Medasource. Both Account Executives stated that the realistic expectation for someone with Plaintiff's tenure was to set one video call per week with a decision-maker, and that anything beyond that would be considered exceptional performance.

24.    On August 12, 2025, Mr. Mainord complained to Sophie Gates (HR employee) that Mr. Tsangaris expected him to schedule four video-conference calls per week with decision-makers instead of expecting him to schedule one call per

week with decision-makers, which was the standard Mr. Tsangaris applied to Mr. Mainord's younger, heterosexual counterparts. Mr. Mainord also requested that he be provided more on-the-job training, which had been afforded to his younger, heterosexual counterparts.

## ALLEGATIONS RELATED TO DISCRIMINATION BASED ON DISABILITY

25.    On August 12, 2025, Mr. Mainord emailed Ms. Gates to request a reasonable accommodation in connection with his Bi-Polar Disorder and Attention Deficit Disorder ("ADD"). Specifically, these conditions substantially limit Mr. Mainord's ability to concentrate, plan, and organize, and, during depressive episodes, cause diminished motivation and feelings of isolation.

26.    In that email, Mr. Mainord requested that he be permitted to work in the office so that he could interact with his colleagues and have greater structure in his workday. By working in the office, he could offset the symptoms caused by his disabling conditions.

27.    On August 13, 2025, following his email requesting this accommodation, Ms. Gates provided Mr. Mainord with ADA accommodation paperwork to be completed by his medical provider.

28.    On August 27, 2025, Mr. Mainord returned the paperwork completed by his psychiatric medical provider, Jamie Wilson, NP to Rachel Bragg (HR

Adviser) in which Ms. Wilson recommended that Mr. Mainord be permitted to work at the office.

29. On August 29, 2025, Defendant terminated Mr. Mainord from his position.

30. Mr. Mainord has incurred attorney's fees and costs in bringing this lawsuit.

**COUNT I**
**VIOLATION OF THE ADEA**
**FOR DISCRIMINATION RESULTING IN**
**ADVERSE EMPLOYMENT ACTION**
**ON THE BASIS OF AGE**

31. Plaintiff, JOSHUA MAINORD, re-alleges and incorporates by reference the allegations set forth in paragraph one (1) through twenty-four (24) and twenty-nine (29) through thirty (30) as if set forth fully herein.

32. As an individual who is over forty years of age, Mr. Mainord is a member of a protected class under the ADEA.

33. Defendant is considered an "employer" within the meaning of the ADEA.

34. Mr. Mainord was qualified to perform his job duties.

35. Defendant treated Mr. Mainord less favorably than his younger counterparts. Specifically, Mr. Tsangaris only offered Mr. Mainord two weeks of training as compared to Mr. Mainord's younger counterparts who were permitted to

7

train for six months. Moreover, Mr. Tsangaris required Mr. Mainord to schedule four video-conference calls per week with decision-makers, while allowing his younger counterparts were only expected to schedule one call per week.

36.    On August 29, 2025, Defendant subjected Mr. Mainord to adverse employment action by terminating him because of his age.

37.    Defendant's action in terminating Mr. Mainord because of his age was reckless, willful, and malicious.

38.    As a direct and proximate result of Defendant's unlawful discrimination, Mr. Mainord has suffered from a loss of past and future income, and benefits for all of which he should be compensated.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court and prays for a judgment:

A.    Awarding Plaintiff back pay, front pay, prejudgment interest, and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant;

B.    Awarding Plaintiff liquidated damages in an amount equal to Plaintiff's total damages;

C.    Awarding reasonable attorney's fees and costs incurred in this action; and

D.    Any further relief as this Court deems just and equitable.

**COUNT II**
**VIOLATION OF THE ADEA**
**FOR RETALIATION RESULTING IN**
**ADVERSE EMPLOYMENT ACTION**
**ON THE BASIS OF AGE**

39. Plaintiff, JOSHUA MAINORD, re-alleges and incorporates by reference the allegations set forth in paragraph one (1) through twenty-four (24) and twenty-nine (29) through thirty (30) as if set forth fully herein.

40. As an individual who is over forty years of age, Mr. Mainord is a member of a protected class under the ADEA.

41. Mr. Mainord engaged in protected activity under the ADEA when he complained to HR about age discrimination. Specifically, Mr. Mainord complained that he was treated less favorably than his younger counterparts, who were afforded more time to train than him and were permitted to schedule fewer calls with decision makers compared to him.

42. On August 29, 2025, Defendant terminated Mr. Mainord because he had complained about age discrimination.

43. Defendant's actions constitute a violation of the ADEA in that Defendant retaliated against Mr. Mainord for complaining about discrimination based on his age.

44. Mr. Mainord's protected activity was a but-for cause of his termination, and resulting injury.

9

45. Defendant acted with intent, malice, and reckless disregard for Mr. Mainord's protected rights when it terminated him because of his complaints of age discrimination.

46. As a direct and proximate result of Defendant's unlawful discrimination, Mr. Mainord has suffered from a loss of past and future income, and benefits for all of which he should be compensated.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court and prays for a judgment:

A. Awarding Plaintiff back pay, front pay, prejudgment interest, and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant;

B. Awarding Plaintiff liquidated damages in an amount equal to Plaintiff's total damages;

C. Awarding reasonable attorney's fees and costs incurred in this action; and

D. Any further relief as this Court deems just and equitable.

**COUNT III**
**VIOLATION OF THE FCRA**
**FOR DISCRIMINATION RESULTING IN**
**ADVERSE EMPLOYMENT ACTION**
**ON THE BASIS OF AGE**

47.    Plaintiff, JOSHUA MAINORD, re-alleges and incorporates by reference the allegations set forth in paragraph one (1) through twenty-four (24) and twenty-nine (29) through thirty (30) as if set forth fully herein.

48.    The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's age.

49.    Mr. Mainord has satisfied all procedural and administrative requirements set forth in the FCRA.

50.    As an individual who is over forty years of age, Mr. Mainord is a member of a protected class under the FCRA.

51.    Mr. Mainord was qualified to perform his job duties.

52.    Defendant treated Mr. Mainord less favorably than his younger counterparts. Specifically, Mr. Tsangaris only offered Mr. Mainord two weeks of training as compared to Mr. Mainord's younger counterparts who were permitted to train for six months. Moreover, Mr. Tsangaris required Mr. Mainord to schedule four video-conference calls with decision-makers per week, while allowing his younger counterparts to schedule one such call per week without reprimand.

53.    On August 29, 2025, Defendant subjected Mr. Mainord to adverse employment action by terminating him because of his age.

11

54.     Defendant's action in terminating Mr. Mainord because of his age was reckless, willful, and malicious.

55.     As a direct and proximate result of Defendant's unlawful discrimination, Mr. Mainord has suffered from a loss of past and future income, and benefits for all of which he should be compensated.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court and prays for a judgment:

A.     Awarding Plaintiff back pay, front pay, prejudgment interest, and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant;

B.     Awarding Plaintiff compensatory damages against Defendant;

C.     Awarding Plaintiff punitive damages against Defendant;

D.     Awarding reasonable attorney's fees and costs incurred in this action; and

E.     Any further relief as this Court deems just and equitable.

**COUNT IV**
**VIOLATION OF THE FCRA**
**FOR RETALIATION RESULTING IN**
**ADVERSE EMPLOYMENT ACTION**
**ON THE BASIS OF AGE**

56. Plaintiff, JOSHUA MAINORD, re-alleges and incorporates by reference the allegations set forth in paragraph one (1) through twenty-four (24) and twenty-nine (29) through thirty (30) as if set forth fully herein.

57. The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's age.

58. Mr. Mainord has satisfied all procedural and administrative requirements set forth in the FCRA.

59. As an individual who is over forty years of age, Mr. Mainord is a member of a protected class under the FCRA.

60. Mr. Mainord engaged in protected activity under the FCRA when he complained to HR about age discrimination. Specifically, Mr. Mainord complained that he was treated less favorably than his younger counterparts, who were afforded more time to train than him and were permitted to schedule fewer calls with decision makers compared to him.

61. On August 29, 2025, Defendant terminated Mr. Mainord because he had complained about age discrimination.

62. Defendant's actions constitute a violation of the FCRA in that Defendant retaliated against Mr. Mainord for complaining about discrimination based on his age.

63. Mr. Mainord's protected activity was a but-for cause of his termination, and resulting injury.

64. Defendant acted with intent, malice, and reckless disregard for Mr. Mainord's protected rights when it terminated him because of his complaints of age discrimination.

65. As a direct and proximate result of Defendant's unlawful discrimination, Mr. Mainord has suffered from a loss of past and future income, and benefits for all of which he should be compensated.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court and prays for a judgment:

A. Awarding Plaintiff back pay, front pay, prejudgment interest, and damages for all employment benefits he would have received but for the discriminatory acts and practices of Defendant;

B. Awarding Plaintiff compensatory damages against Defendant;

C. Awarding Plaintiff punitive damages against Defendant;

D. Awarding reasonable attorney's fees and costs incurred in this action; and

E. Any further relief as this Court deems just and equitable.

**COUNT V**
**VIOLATION OF TITLE VII**
**FOR DISCRIMINATION RESULTING IN**
**ADVERSE EMPLOYMENT ACTION**

**BASED ON SEXUAL ORIENTATION**

66.     Plaintiff, JOSHUA MAINORD, re-alleges and incorporates by reference the allegations set forth in paragraph one (1) through twenty-four (24) and twenty-nine (29) through thirty (30) as if set forth fully herein.

67.     Mr. Mainord is a homosexual man and as such, is protected from discrimination on the basis of his sexual orientation.

68.     At all material times, Mr. Mainord was an employee, and the Defendant was his employer covered by and within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

69.     Mr. Mainord was qualified for the position he held with the Defendant.

70.     Defendant treated Mr. Mainord less favorably than his heterosexual counterparts. Specifically, Mr. Tsangaris only offered Mr. Mainord two weeks of training as compared to Mr. Mainord's heterosexual counterparts who were permitted to train for six months. Moreover, Mr. Tsangaris required Mr. Mainord to schedule four video-conference calls with decision-makers per week, while allowing his heterosexual counterparts to schedule one such call per week without reprimand.

71.     On August 29, 2025, Defendant subjected Mr. Mainord to adverse employment action by terminating him because of his sexual orientation.

72.     Defendant's action in terminating Mr. Mainord because of his sexual orientation was reckless, willful, and malicious.

15

73.    Defendant's actions, as set forth above, constitute intentional discrimination on the basis of Plaintiff's sexual orientation in violation of Section 703 of Title VII, 42 U.S.C. §2000e-2.

74.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to his professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Claimant, JOSHUA MAINORD, demands entry of a Final Judgment against Defendant, for the following:

A.    Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

B.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

C.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

D.    Reasonable attorney's fees and costs;

E.    Compensatory damages;

16

F.    Punitive damages; and

G.    Such other relief as this Court shall deem appropriate.

**COUNT VI**
**VIOLATION OF TITLE VII**
**RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY**
**RESULTING IN ADVERSE EMPLOYMENT ACTION**

75.    Plaintiff, JOSHUA MAINORD, re-alleges and incorporates by reference the allegations set forth in paragraph one (1) through twenty-four (24) and twenty-nine (29) through thirty (30) as if set forth fully herein.

76.    Plaintiff is a member of a protected class under Title VII.

77.    Mr. Mainord engaged in protected activity under Title VII when he complained to HR about discrimination based on his sexual orientation. Specifically, Mr. Mainord complained that he was treated less favorably than his heterosexual counterparts, who were afforded more time to train than him and were permitted to schedule fewer calls with decision makers compared to him.

78.    Defendant failed to conduct an adequate investigation regarding Mr. Mainord's complaints.

79.    Instead, on August 29, 2025, Defendant terminated Mr. Mainord in retaliation for his complaints of discrimination based on his sexual orientation.

80.    Defendant's actions constitute a violation of Title VII in that Defendant retaliated against Mr. Mainord for complaining about discrimination based on his sexual orientation.

17

81.    Mr. Mainord's protected activity was a but-for cause of his termination, and resulting injury.

82.    Defendant acted with intent, malice, and reckless disregard for Mr. Mainord's protected rights when it terminated him because of his complaints of discrimination based on his sexual orientation.

83.    As a direct, proximate and foreseeable result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

**WHEREFORE**, Plaintiff, JOSHUA MAINORD, demands entry of a Final Judgment against the Defendant, for the following:

A.    An award of Back Pay damages;

B.    An award of Front Pay damages;

C.    Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D.    Prejudgment interest;

E.    An award of Punitive damages;

F.    Reasonable attorney's fees and costs; and

18

G.    All such other relief as the Court deems just, equitable and appropriate

**COUNT VII**
**VIOLATION OF THE FCRA**
**FOR DISCRIMINATION RESULTING IN**
**ADVERSE EMPLOYMENT ACTION**
**BASED ON SEXUAL ORIENTATION**

84.    Plaintiff, JOSHUA MAINORD, re-alleges and incorporates by reference the allegations set forth in paragraph one (1) through twenty-four (24) and twenty-nine (29) through thirty (30) as if set forth fully herein.

85.    Mr. Mainord is a homosexual man and as such, is protected from discrimination on the basis of his sexual orientation.

86.    At all material times, Mr. Mainord was an employee, and the Defendant was his employer covered by and within the meaning of the Florida Civil Rights Act of 1992 ("FCRA").

87.    Mr. Mainord was qualified for the position he held with the Defendant.

88.    Defendant treated Mr. Mainord less favorably than his heterosexual counterparts. Specifically, Mr. Tsangaris only offered Mr. Mainord two weeks of training as compared to Mr. Mainord's heterosexual counterparts who were permitted to train for six months. Moreover, Mr. Tsangaris required Mr. Mainord to schedule four video-conference calls with decision-makers per week, while allowing his heterosexual counterparts to schedule one such call per week without reprimand.

19

89.    On August 29, 2025, Defendant subjected Mr. Mainord to adverse employment action by terminating him because of his sexual orientation.

90.    Defendant's action in terminating Mr. Mainord because of his sexual orientation was reckless, willful, and malicious.

91.    By virtue of the actions described herein, Defendant has violated the FCRA.

92.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to his professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, JOSHUA MAINORD, demands entry of a Final Judgment against Defendant, for the following:

A.    Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

B.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

20

C.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

D.    Reasonable attorney's fees and costs;

E.    Compensatory damages;

F.    Punitive damages; and

G.    Such other relief as this Court shall deem appropriate.

## COUNT VIII
## VIOLATION OF THE FCRA
## RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY
## RESULTING IN ADVERSE EMPLOYMENT ACTION

93.    Plaintiff, JOSHUA MAINORD, re-alleges and incorporates by reference the allegations set forth in paragraph one (1) through twenty-four (24) and twenty-nine (29) through thirty (30) as if set forth fully herein.

94.    Plaintiff is a member of a protected class under the FCRA.

95.    Mr. Mainord engaged in protected activity under the FCRA when he complained to HR about discrimination based on his sexual orientation. Specifically, Mr. Mainord complained that he was treated less favorably than his heterosexual counterparts, who were afforded more time to train than him and were permitted to schedule fewer calls with decision makers compared to him.

96.    Defendant failed to conduct an adequate investigation regarding Mr. Mainord's complaints.

21

97.    Instead, on August 29, 2025, Defendant terminated Mr. Mainord in retaliation for his complaints of discrimination based on his sexual orientation.

98.    Defendant's actions constitute a violation of the FCRA in that Defendant retaliated against Mr. Mainord for complaining about discrimination based on his sexual orientation.

99.    Mr. Mainord's protected activity was a but-for cause of his termination, and resulting injury.

100.    Defendant acted with intent, malice, and reckless disregard for Mr. Mainord's protected rights when it terminated him because of his complaints of discrimination based on his sexual orientation.

101.    As a direct, proximate and foreseeable result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

**WHEREFORE**, Plaintiff, JOSHUA MAINORD, demands entry of a Final Judgment against Defendant for the following:

A.    An award of Back Pay damages;

B.    An award of Front Pay damages;

C.    Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D.    Prejudgment interest;

E.    An award of Punitive damages;

F.    Reasonable attorney's fees and costs; and

G.    All such other relief as the Court deems just, equitable and appropriate

**COUNT IX**
**VIOLATION OF THE ADA**
**FOR FAILURE TO PROVIDE A REASONABLE ACCOMODATION**
**& ENGAGE IN THE INTERACTIVE PROCESS IN GOOD FAITH**

102.    Plaintiff, JOSHUA MAINORD, incorporates by reference the allegations set forth in paragraphs one (1) through twelve (12) and twenty-five (25) through thirty (30) as if set forth herein in full.

103.    The Americans with Disabilities Act, 42 U.S.C. §12101, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability or perceived disability.

104.    The ADA requires employers to grant reasonable accommodations to the known mental or physical limitations of an otherwise qualified employee unless the employer can show the accommodation would impose an undue hardship on the operation of its business.

105. When an employee requests an accommodation, this triggers an interactive process to determine the appropriate accommodation in which the employee and employer must participate. 29 C.F.R. § 1630.2(o)(3).

106. An employer who fails to engage in the interactive process in good faith is liable for disability discrimination when there is a breakdown in communication that blocks or delays an accommodation.

107. During his employment with Defendant, Mr. Mainord suffered from Bi-Polar Disorder and ADD. These conditions caused him difficulty concentrating, planning, and organizing, and demotivation and feelings of isolation during depressive episodes, which significantly impacted his everyday life.

108. Plaintiff is a member of a protected class and protected by the ADA from discrimination based on his disability or perceived disability.

109. Defendant is an "employer" within the meaning of the ADA during the time of these allegations.

110. Plaintiff has satisfied all procedural and administrative requirements set forth in the ADA.

111. Mr. Mainord was qualified for his job and was able to perform all essential functions of his job with a reasonable accommodation.

112.    Defendant failed to provide a reasonable accommodation and failed to engage in the interactive process in good faith, thus leading to Mr. Mainord's termination.

113.    The discriminatory conduct described herein demonstrates Defendant's failure to provide Mr. Mainord with a reasonable accommodation and its refusal to engage in the interactive process with Mr. Mainord in good faith. Defendant's actions violated the ADA and are a form of discrimination against Mr. Mainord based on his disability.

114.    Defendant's actions in refusing to provide him a reasonable accommodation were reckless, willful, and malicious.

115.    Defendant's actions in refusing to engage in the interactive process in good faith were reckless, willful, and malicious.

116.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to his professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, JOSHUA MAINORD, demands entry of a Final Judgment against Defendant for the following:

A.    An award of Back Pay damages;

B.    An award of Front Pay damages;

C.    Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D.    Prejudgment interest;

E.    An award of Punitive damages;

F.    Reasonable attorney's fees and costs; and

G.    All such other relief as the Court deems just, equitable and appropriate.

**COUNT X**
**VIOLATION OF THE ADA**
**DISCRIMINATION RESULTING IN**
**ADVERSE EMPLOYMENT ACTION**
**ON THE BASIS OF DISABILITY**

117. Plaintiff, JOSHUA MAINORD, incorporates by reference the allegations set forth in paragraphs one (1) through twelve (12) and twenty-five (25) through thirty (30) as if set forth herein in full.

118. The Americans with Disabilities Act, 42 U.S.C. §12101, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability or perceived disability.

119. During his employment with Defendant, Mr. Mainord suffered from Bi-Polar Disorder and ADD. These conditions caused him difficulty concentrating, planning, and organizing, and demotivation and feelings of isolation during depressive episodes, which significantly impacted his everyday life.

26

120.    Plaintiff is a member of a protected class and protected by the ADA from discrimination based on his disability or perceived disability.

121.    Defendant is an "employer" within the meaning of the ADA during the time of these allegations.

122.    Plaintiff has satisfied all procedural and administrative requirements set forth in the ADA.

123.    Mr. Mainord was qualified for his job and was able to perform all essential functions of his job.

124.    On August 29, 2025, Defendant terminated Mr. Mainord from his position because of his disability or perceived disability.

125.    Defendant's actions in terminating Mr. Mainord because of his disability were reckless, willful, and malicious.

126.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to his professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, JOSHUA MAINORD, demands entry of a Final Judgment against Defendant for the following:

A.    An award of Back Pay damages;

B.      An award of Front Pay damages;

C.      Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D.      Prejudgment interest;

E.      An award of Punitive damages;

F.      Reasonable attorney's fees and costs; and

G.      All such other relief as the Court deems just, equitable and appropriate.

**<u>COUNT XI</u>**
**VIOLATION OF THE ADA**
**RETALIATION FOR ENGAGEMENT IN PROTECTED ACTIVITY**
**RESULTING IN ADVERSE EMPLOYMENT ACTION**
**ON THE BASIS OF DISABILITY**

127.  Plaintiff, JOSHUA MAINORD, incorporates by reference the allegations set forth in paragraphs one (1) through twelve (12) and twenty-five (25) through thirty (30) as if set forth herein in full.

128.  Plaintiff is a member of a protected class under the ADA.

129.  Plaintiff engaged in protected activity under the ADA when he requested an accommodation that permitted him to work in the office so that he could interact with his colleagues.

130.  Defendant retaliated against Mr. Mainord for engaging in a protected activity under the ADA by terminating Mr. Mainord after he requested a reasonable accommodation of working in the office.

131.    Defendant's actions were reckless, willful and done with malice.

132.    As a direct, proximate and foreseeable result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

**WHEREFORE**, Plaintiff, JOSHUA MAINORD, demands entry of a Final Judgment against Defendant for the following:

A.    An award of Back Pay damages;

B.    An award of Front Pay damages;

C.    Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D.    Prejudgment interest;

E.    An award of Punitive damages;

F.    Reasonable attorney's fees and costs; and

G.    All such other relief as the Court deems just, equitable and appropriate.

**COUNT XII**
**VIOLATION OF THE FCRA**
**FOR FAILURE TO PROVIDE A REASONABLE ACCOMODATION**
**& ENGAGE IN THE INTERACTIVE PROCESS IN GOOD FAITH**

133. Plaintiff, JOSHUA MAINORD, incorporates by reference the allegations set forth in paragraphs one (1) through twelve (12) and twenty-five (25) through thirty (30) as if set forth herein in full.

134. The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, et seq. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability.

135. The FCRA closely mirrors the language of the ADA with respect to unlawful discrimination based on a person's disability.

136. Employers are required to grant reasonable accommodations to the known mental or physical limitations of an otherwise qualified employee unless the employer can show the accommodation would impose an undue hardship on the operation of its business.

137. When an employee requests an accommodation, this triggers an interactive process to determine the appropriate accommodation in which the employee and employer must participate.

138. An employer who fails to engage in the interactive process in good faith is liable for disability discrimination when there is a breakdown in communication that blocks or delays an accommodation.

139. During his employment with Defendant, Mr. Mainord suffered from Bi-Polar Disorder and ADD. These conditions caused him difficulty concentrating,

planning, and organizing, and demotivation and feelings of isolation during depressive episodes, which significantly impacted his everyday life.

140. Plaintiff is a member of a protected class and protected by the FCRA from discrimination based on his disability or perceived disability.

141. Defendant is an "employer" within the meaning of the FCRA during the time of these allegations.

142. Plaintiff has satisfied all procedural and administrative requirements set forth in the FCRA.

143. Mr. Mainord was qualified for his job and was able to perform all essential functions of his job with a reasonable accommodation.

144. Defendant failed to provide a reasonable accommodation and failed to engage in the interactive process in good faith, thus leading to Mr. Mainord's termination.

145. The discriminatory conduct described herein demonstrates Defendant's failure to provide Mr. Mainord with a reasonable accommodation and its refusal to engage in the interactive process with Mr. Mainord in good faith. Defendant's actions violated the FCRA and are a form of discrimination against Mr. Mainord based on his disability.

146. Defendant's actions in refusing to provide him a reasonable accommodation were reckless, willful, and malicious.

31

147. Defendant's actions in refusing to engage in the interactive process in good faith were reckless, willful, and malicious.

148. As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to his professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, JOSHUA MAINORD, demands entry of a Final Judgment against Defendant for the following:

A.    An award of Back Pay damages;

B.    An award of Front Pay damages;

C.    Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D.    Prejudgment interest;

E.    An award of Punitive damages;

F.    Reasonable attorney's fees and costs; and

G.    All such other relief as the Court deems just, equitable and appropriate.

**COUNT XIII**
**VIOLATION OF THE FCRA**
**DISCRIMINATION RESULTING IN**
**ADVERSE EMPLOYMENT ACTION**
**ON THE BASIS OF DISABILITY**

149. Plaintiff, JOSHUA MAINORD, incorporates by reference the allegations set forth in paragraphs one (1) through twelve (12) and twenty-five (25) through thirty (30) as if set forth herein in full.

150. The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, et seq. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability.

151. During his employment with Defendant, Mr. Mainord suffered from Bi-Polar Disorder and ADD. These conditions caused him difficulty concentrating, planning, and organizing, and demotivation and feelings of isolation during depressive episodes, which significantly impacted his everyday life.

152. Plaintiff is a member of a protected class and protected by the FCRA from discrimination based on his disability or perceived disability.

153. Defendant is an "employer" within the meaning of the FCRA during the time of these allegations.

154. Plaintiff has satisfied all procedural and administrative requirements set forth in the FCRA.

155. Mr. Mainord was qualified for his job and was able to perform all essential functions of his job.

156. On August 29, 2025, Defendant terminated Mr. Mainord from his position because of his disability or perceived disability.

33

157. Defendant's actions in terminating Mr. Mainord because of his disability were reckless, willful, and malicious.

158. As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to his professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, JOSHUA MAINORD, demands entry of a Final Judgment against Defendant for the following:

A.    An award of Back Pay damages;

B.    An award of Front Pay damages;

C.    Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D.    Prejudgment interest;

E.    An award of Punitive damages;

F.    Reasonable attorney's fees and costs; and

G.    All such other relief as the Court deems just, equitable and appropriate.

**COUNT XIV**
**VIOLATION OF THE FCRA**
**RETALIATION FOR ENGAGEMENT IN A PROTECTED ACTIVITY**
**RESULTING IN ADVERSE EMPLOYMENT ACTION**
**ON THE BASIS OF DISABILITY**

34

159. Plaintiff, JOSHUA MAINORD, incorporates by reference the allegations set forth in paragraphs one (1) through twelve (12) and twenty-five (25) through thirty (30) as if set forth herein in full.

160. Plaintiff is a member of a protected class under the FCRA.

161. Plaintiff engaged in protected activity under the FCRA when he requested an accommodation that permitted him to work in the office so that he could interact with his colleagues.

162. Defendant retaliated against Mr. Mainord for engaging in a protected activity under the FCRA by terminating Mr. Mainord after he requested a reasonable accommodation of working in the office.

163. Defendant's actions were reckless, willful and done with malice.

164. As a direct, proximate and foreseeable result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

**WHEREFORE**, Plaintiff, JOSHUA MAINORD, demands entry of a Final Judgment against Defendant for the following:

A. An award of Back Pay damages;

B.    An award of Front Pay damages;

C.    Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D.    Prejudgment interest;

E.    An award of Punitive damages;

F.    Reasonable attorney's fees and costs; and

G.    All such other relief as the Court deems just, equitable and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 4th day of August, 2026.

Respectfully submitted by:

*/s/ Gary L. Printy, Jr., Esq.*
Gary L. Printy, Jr.
Florida Bar No. 41956
**THE PRINTY LAW FIRM**
5407 N Florida Avenue
Tampa, Florida 33604
Telephone (813) 434-0649
Fax (813) 423-6543
garyjr@printylawfirm.com
e-service@printylawfirm.com
*Lead Counsel for Plaintiff*